IN THE MATTER OF THE ASSESSMENT AND TAXATION OF THE PROPERTY OF THE SEVERAL COMPANIES CONSTITUTING THE NEW YORK CENTRAL RAILROAD SYSTEM, NEW YORK CENTRAL RAILROAD, NEW JERSEY JUNCTION RAILROAD CO. AND WEST SHORE RAILROAD CO., USED FOR RAILROAD PURPOSES IN THE STATE OF NEW JERSEY, FOR THE YEAR 1953.

Superior Court of New Jersey
Appellate Division

Argued December 21, 1953—Decided February 5, 1954.

470

Before Judges CLAPP, GOLDMANN and EWART.

*Mr. James Rosen* argued the cause for appellant, Township of Weehawken.

*Mr. Joseph A. Davis* argued the cause for respondent, New York Central Railroad Company (*Messrs. O'Mara, Schumann, Davis & Lynch,* attorneys).

The opinion of the court was delivered by

EWART, J. A. D. The Township of Weehawken appeals from an order entered August 4, 1953 by the Division of Tax Appeals of the Department of the Treasury dismissing the appeal of the township from an assessment of second-class railroad property for the year 1953 as made by the Director of the Division of Tax Appeals.

The facts of this controversy are not in dispute. May 14, 1953 the township caused to be served upon the respondent railroad copy of the complaint, appeal, and notice of application for hearing by the township, which papers were afterwards filed with the Division of Tax Appeals on May 18, 1953 (the third Monday in May).

The Division of Tax Appeals met at the State House in Trenton on May 18, 1953 (the third Monday in May) pursuant to the requirements of the statute, *N. J. S. A.* 54:29A–33, for the purpose of fixing a time and place for the hearing of any complaint as to the validity or amount of any assessment or reassessment of railroad property. The minutes of that meeting note the appearance of James Rosen, Esquire, by Edward T. Smarak, attorney for the township, and of O'Mara, Schumann, Davis & Lynch, by Joseph A. Davis, Esquire, as attorneys for the respondent railroad. The only action taken at the meeting, as shown by the minutes, was that the president stated that the hearing of the appeals would begin at the State House in Trenton on Tuesday, September 15, and that counsel would receive ample notice as to which cases would be first on the calendar.

On June 10, 1953 the respondent railroad filed with the said Division notice of a motion to be made on September

15, 1953, or upon such other date as the Division might fix, for an order dismissing the complaint and appeal of the township on the ground that service of a copy of the complaint and appeal was not made upon the taxpayer until May 14, 1953, which was not in compliance with the requirements of the statute, *N. J. S. A.* 54:29A–32.

July 24, 1953 Commissioners DeVoe, Hull and Wiener, the panel designated by President Rogers to begin the hearing of appeals from the assessment of railroad property on September 15, met at Trenton for a pretrial conference with representatives of the railroads, and the municipalities and the State, to discuss the order of listing appeals, etc. Attorneys for both the said township and the respondent railroad appeared. The minutes of the meeting note the filing of the notice of motion for dismissal of the appeal by the said township; that Joseph A. Davis, Esquire, attorney for the railroad, moved for dismissal on the ground that the railroad had not been served in accordance with the statutory requirements; and that James Rosen, Esquire, attorney for the township, was heard in opposition to the motion. The minutes further show the matter was referred to Commissioner Hull for consideration and report.

The next meeting of the Division was held August 4, 1953 at Trenton, and the minutes show a report submitted by Commissioner Hull recommending that the motion for dismissal of the township appeal be granted and the appeal dismissed. The report of Commissioner Hull is set forth at length in the appendix and states the factual situation and his conclusions with respect to the matter, and an order was thereupon entered by the Division on August 4, 1953 dismissing the complaint and appeal by the said township.

*L.* 1941, *c.* 291, as amended (*N. J. S. A.* 54:29A–1 *et seq.*) sets up a comprehensive scheme for the assessment and taxation of railroads operating in this State. The Director of the Division of Taxation in the State Department of Taxation and Finance (also known as the Commissioner) is directed to determine the true value, on or before November 1 of each year, but as of the preceding January 1,

of all property in this State used for railroad purposes, dividing the same into three classes, and the statute directs the Director or Commissioner to deliver to each taxpayer not later than December 10 of each year a detailed statement of such valuations, showing classes of property, etc.; to certify to the assessors of each taxing district wherein second-class railroad property is found, on or before December 15 of each year, the value fixed on such second-class railroad property in the particular taxing district; and to certify to the county board of taxation, on or before March 15 following, the value of such second-class railroad property found in the various taxing districts within the County. *N. J. S. A.* 54:29A–1, 17, 18.

The statute then sets forth the procedure for appeals from the valuations fixed by the Director or Commissioner. The authorities of the taxing district desiring to contest the validity or amount of any assessment of second-class railroad properety made by the Director or Commissioner may, on or before the third Monday of May following the assessment (May 18, 1953 in our case), file a written complaint with the State Board of Tax Appeals specifying the grounds of complaint and the relief sought. *N. J. S. A.* 54:29A–31. If the complaint and appeal be made by the taxing district, the statute requires:

"* * * a copy of the complaint and notice of application for hearing thereon shall be served upon the taxpayer five days before the filing of the complaint by leaving a copy of such complaint and notice at its principal office in this State." *N. J. S. A.* 54:29A–32.

The third Monday of May 1953 having fallen on May 18, that would mean that service of the appeal upon the taxpayer should have been made not later than Wednesday, May 13. In fact, the papers were served upon the taxpayer on Thursday, May 14, one day less than the five-day period named in the statute.

And the statute further requires that the Division of Tax Appeals shall conclude hearings on all such complaints provided for in section 31, *ante,* on or before November 1 and shall, between November 5 and November 10, certify

to the State Tax Commissioner the final determination respecting said appeals. *N. J. S. A.* 54:29A-34.

The township contends that (1) the filing of the complaint on appeal and notice of application for hearing with the Division on May 18, 1953, in compliance with the requirements of section 31 of the statute, conferred jurisdiction upon the Division to hear the appeal; (2) the purposes of section 32 of the statute, requiring service of a copy of the complaint and notice of application for hearing upon the taxpayer five days before the same is filed with the Division, are (a) to inform the taxpayer that the municipality intends to appeal, and (b) to inform the taxpayer that on the third Monday of May the municipality's representative would appear before the Division and request a date for hearing on the merits of the appeal; (3) the provisions of section 32 of the act requiring five days' service of notice upon the taxpayer is directory and not mandatory; and (4) that the taxpayer's appearance, by its attorneys, before the Division of Tax Appeals on May 18, constituted a general appearance and submission to the jurisdiction of the Division of Tax Appeals.

On the other hand, the respondent railroad contends that (1) the requirements of section 32 of the act respecting service of copy of the complaint and notice upon the taxpayer is mandatory and not directory; (2) without a compliance with the statutory requirements respecting an appeal, the Division of Tax Appeals does not acquire jurisdiction to hear or determine the matter; and (3) as shown by the record, nothing transpired before the Division of Tax Appeals on May 18, 1953, excepting that the president fixed September 15 as the date hearings would begin and stated that counsel would be notified as to which cases would be first on the calendar; that the reporter present at the meeting simply noted the fact of the physical appearance of counsel at that time; that there was no participation by counsel in any proceedings; and that, in any event, absent jurisdiction, there could be no waiver by such appearance as was made.

■ Service of a copy of the complaint and notice of application for hearing, prescribed by section 32 of the statute, is the first notice to the taxpayer of the taking of an appeal. Generally, where the right to appeal from the determination of a lower tribunal or statutory body is given by statute or rule of court, a strict compliance with the statute or rule is required to vest the appellate tribunal with jurisdiction. And this applies particularly to the service of notices within the prescribed time. 3 *Am. Jur., pp.* 137, 139, 141, 143; *Hackensack Water Co. v. Division of Tax Appeals,* 2 *N. J.* 157, 164 (1949); *City of Newark v. Fischer,* 3 *N. J.* 488, 493 (1950).

■ The Division of Tax Appeals is a special statutory tribunal whose jurisdiction and powers are strictly limited within the bounds prescribed by the Legislature. *New Brunswick v. Upsilon Chapter, etc., of Rutgers University,* 18 *N. J. Misc.* 147, 150 *(St. Bd. Tax App.* 1940); *Borough of Bergenfield v. Martin,* 19 *N. J. Misc.* 1, 3 *(St. Bd. Tax App.* 1940), *certiorari* denied 126 *N. J. L.* 512 *(Sup. Ct.* 1941); *Hoboken v. Kelly,* 21 *N. J. Misc.* 193, 196 *(St. Bd. Tax App.* 1943); *D. L. & W. R. R. Co. v. City of Hoboken,* 10 *N. J.* 418, 427 (1952). *Cf. Washington Township v. Mercer County Board of Taxation,* 85 *N. J. L.* 547, 549 *(Sup. Ct.* 1914).

■ The right of the township to appeal to the Division of Tax Appeals is purely a statutory right. *N. J. S. A.* 54:29A–31, 32; *In re Hudson County,* 106 *N. J. L.* 62, 72 *(E. & A.* 1929); *Hoboken v. Kelly, supra,* at *p.* 196; *Hackensack Water Co. v. Division of Tax Appeals, supra,* at *p.* 164; *City of Newark v. Fischer, supra,* at *p.* 493.

The township argues that filing its complaint on appeal with the Division on May 18, as required by section 31 of the statute, and service of a copy of the complaint and notice of application for hearing upon the taxpayer four days (instead of five days required by section 32 of the statute) prior to the third Monday in May, amounts to a substantial compliance with the statute sufficient to vest the Division with jurisdiction to hear the appeal. No

authority is cited to support such argument. The same argument might be made if service upon the taxpayer were made three days, or two days, or one day prior to the third Monday of May.

The question calling for determination by this appeal is not novel in this State. In *Jones v. Proprietors of the Morris Aqueduct*, 36 *N. J. L.* 206 (*Sup. Ct.* 1873), affirmed 37 *N. J. L.* 556 (*E. & A.* 1875), the question before the court was as to whether the notice of appeal from the award of commissioners appointed to assess the value of lands was sufficient. There was a statute governing the matter which required that the aggrieved party might appeal to the "next or second term of the court" and that notice thereof should be served "upon the opposite party two weeks prior to such term." In that case, service upon the opposite party was made less than two weeks before the beginning of the term. The appellant there contended that the statutory requirement was directory and not mandatory. The Supreme Court rejected this contention and Chief Justice Beasley disposed of the matter in the following language:

"It has been already said, that the language of this provision in question is too plain to admit of discussion. The right of appeal is given, but it is limited by two conditions: First, it must be made to the first or second term of the court; and, second, a notice of such appeal must be given two weeks before such term. These restrictions upon the right are reasonable; they harmonize with the general scheme of this law, and they lead to no inequitable result. On what ground can they be dispensed with? If the time for notice can be disregarded, so also can the time in which the appeal is required to be made. It is obvious, that if it should be declared that *this provision is merely directory, that it simply suggests a convenient mode of proceeding, carrying with it no mandatory force, no rule whatever exists, either as to the time of appealing or of giving notice.* Such a conclusion has the effect of entirely abolishing the requirement in question; plain language aiming at a reasonable purpose, is not permitted to operate at all. I find no precedent for such a determination, and it seems opposed to all rational rules of statutory construction."

In *Hoboken v. Kelly*, 21 *N. J. Misc.* 193 (*St. Bd. Tax App.* 1943), there was involved the sufficiency of service of

papers upon the taxpayer as required by section 32 of the statute. In an exhaustive opinion citing a wealth of authorities, Waesche, president of the Board, now judge of the Superior Court, held that there must be a strict compliance with the statutory requirements before the State Board of Tax Appeals could acquire jurisdiction to hear and determine the appeal, and in that case the appeal was dismissed for failure to serve notice in compliance with the requirements of the statute. The notice had been served three days prior to the filing of the complaint. It was there held that the statutory requirements for taking an appeal to the Division of Tax Appeals were mandatory and not merely directory.

And our Supreme Court has plainly stated in two different cases that the right of appeal to the Division of Tax Appeals is purely statutory and the appellant is required to comply with all of the applicable statutory requirements. *Hackensack Water Co. v. Division of Tax Appeals*, 2 *N. J.* 157, 164 (1949); *City of Newark v. Fischer*, 3 *N. J.* 488, 493 (1950).

We are of the opinion that a strict compliance with all the requirements of sections 31 and 32 of the statute is necessary in order to vest the Division of Tax Appeals with jurisdiction to hear and determine an appeal. Admittedly, there was a failure of compliance in this case.

Nor do we find that the appearance of counsel for the taxpayer before the Division of Tax Appeals on May 18, 1953 constituted a waiver of the jurisdictional question. It does not appear that there were any proceedings participated in by counsel except to hear the president of the Board announce the dates fixed for hearing. Furthermore, absent jurisdiction over the subject matter, jurisdiction cannot be conferred by waiver or by consent. *Van Ommen v. Hageman*, 100 *N. J. L.* 224, 225 (*Sup. Ct.* 1924); *Estelle v. Board of Education*, 14 *N. J.* 256 (1954).

The judgment of dismissal entered by the Division of Tax Appeals is affirmed.